UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Connie Jo V.,[1]                                                  Civ. No. 22-3136 (PAM/LIB)

              Plaintiff,

v.                                                    **MEMORANDUM AND ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

              Defendant.

This matter is before the Court on the parties' cross-Motions for Summary Judgment.  For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Connie Jo V. filed an application for Supplemental Security Income benefits on March 13, 2020.  (Admin. R. (Docket No. 8) at 13.)  Plaintiff alleges that she became disabled on January 1, 2017, as a result of mental-health issues including anxiety and depression, type 2 diabetes, fibromyalgia, degenerative disc disease, peripheral neuropathy, diverticulitis, headaches, sleep apnea, and obesity.  (Id. at 16-17.)  Plaintiff's disability onset date was later amended to April 1, 2020.  (Id. at 13.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  Id. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that she is not engaged in any "substantial gainful activity."  Id. § 416.920(a)(4)(i).  If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two.  Id. § 416.920(a)(4)(ii).  At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1.  Id. § 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the

2

burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

After an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled, Plaintiff sought review of the decision with the Appeals Council.  Plaintiff had been unrepresented before the ALJ, but secured counsel for the Appeals Council's review, and that counsel submitted additional medical records to the Appeals Council.  The Council reviewed the new records and determined that it did not relate to the disability period at issue and would not have affected the ALJ's decision.  (Tr. at 2.)  Plaintiff brought this lawsuit alleging that remand is necessary to allow the ALJ to determine the relevance of the new evidence in the first instance.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole," McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000), and whether the decision "complies with the relevant legal standards."  Halverson v. Astrue, 600 F.3d 922, 292 (8th Cir. 2010) (quotation omitted).  Most disputes in disability-insurance matters turn on evidentiary questions, and this Court's review of the ALJ's decisions regarding evidence is exceedingly

narrow.  Indeed, if "after reviewing the record, the court finds it is possible to draw two

inconsistent positions from the evidence and one of those positions represents the [ALJ's]

findings, the court must affirm the [ALJ's] decision."  Perks v. Astrue, 687 F.3d 1086,

1091 (8th Cir. 2012) (quotation omitted).  In this case, Plaintiff does not contend that the

ALJ erred; rather, she contends that the ALJ should be required to review the new evidence

she submitted to the Appeals Council to determine whether that evidence establishes her

claimed mental disability.

The regulations provide that the Appeals Council will review case if the Council

receives evidence that is "new, material, and relates to the period on or before the date of

the hearing decision, and there is a reasonable probability that the additional evidence

would change the outcome of the decision."  20 C.F.R. § 404.970(a)(5).  In addition to

these requirements, Plaintiff must also establish good cause for her failure to submit the

evidence to the ALJ.  Id. § 404.970(b).

Even assuming that Plaintiff meets the good-cause requirements of § 404.970(b),

she has not demonstrated that the additional evidence would have changed the outcome of

the ALJ's decision.  The evidence at issue is a "Medical Source Statement as to Ability to

Perform Work Related Activities (Mental)" dated September 27, 2022, and completed by

Megan Phillips, a clinic social worker who claims to have regularly treated Plaintiff.  (Tr.

at 67-69.)  This form asks the treatment provider to evaluate the patient's "estimated

impairment" in a number of areas on a scale from "None" to "Extreme."  (Id.)  Ms. Phillips

noted that Plaintiff had either "mild" impairment or "none" for 14 of the 16 areas of

functioning, and "moderate" impairment in only two areas:  ability to maintain attention

4

and concentration for more than brief periods of time" and "ability to perform at production levels expected by most employers." (Id.)  The form defined "moderate" impairment as "unable to function in this area from 11% to 25% of the work day or work week." (Id. at 67.)  Ms. Phillips also checked "yes" to whether Plaintiff's condition is likely to deteriorate if she is under the stress of an 8-hour-per-day 5-day-a week job, noting that "Depression can increase with low self worth/esteem that can be caused by high stress." (Id. at 69.) And although Ms. Phillips also stated that Plaintiff's condition had existed since April 2020, she qualified her answer:  "as far as I have been informed." (Id.)

Plaintiff argues that the ALJ should be required to consider Ms. Phillips's opinions when determining Plaintiff's severe impairments and evaluating Plaintiff's RFC, because the ALJ did not find Plaintiff's mental-health issues to be severe impairments and the ALJ's RFC finding did not include the two moderate limitations noted on the form.  But as the Appeals Council properly found, the form does not relate to the time period at issue, April 2020 to October 2021.  Ms. Phillips's statement that Plaintiff had been similarly impaired since April 2020 is not entitled to any weight, given the qualifying language accompanying that statement, unsupported by any specific reference to medical records that might have informed Ms. Phillips's opinion in this regard.  It stretches credulity to believe that this single form, executed nearly a year after the period at issue and opining without reference to any treatment notes that Plaintiff had only moderate limitations in two areas of functioning, would have caused the ALJ to reconsider her decision that Plaintiff is not disabled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.    Plaintiff's Motion for Summary Judgment (Docket No. 12) is **DENIED**; and

2.    Defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED**;
and

3.    This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date:   June 9, 2023                                   *s/Paul A. Magnuson*
                                                                Paul A. Magnuson
                                                                United States District Court Judge